UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

**FILED**

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37922
865-300-5831

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V

U.S. Office of Special Counsel (OSC)
1730 M. St., NW
Suite 300
Washington, DC 20036

CASE NUMBER  1:06CV01833

JUDGE: Paul L. Friedman

Related OSC file nos.

DECK TYPE: Pro se General Civil

MA-06-2118
MA-06-2752

DATE STAMP: 10/23/2006

Related Federal District Court case now pending at this court docket no.

05-CV-0537, Judge Friedman

Date: October 19, 2006

Comes the petitioner, who is pro se in this action and respectfully says as
follows:

Per the Court's Minute Order of December 16, 2005 in a related case now
pending at this Court, Docket no. 05-CV-0537, petitioner files another petition for
writ of mandamus seeking relief from respondent and respondent's licensed
attorneys failure to it and their positive legal duty to protect him from prohibited

2

personnel practices (PPP's) in his employing agency, by it and their failure to provide specific statutory required information in the pre-determination notice and/or PPP termination letter for two PPP complaints. He does not limit the relief requested to this, as a pro se petitioner he understands the Court, not he, is responsible to ensure the respondent has executed each and every statutory obligation it owes him, in light of the evidence presented to the Court.

Petitioner requests this case be joined and/or consolidated to the pending appeal and the issues of law are almost identical and the facts similarly incontestable.

Petitioner, by law, is entitled to bring complaints of prohibited personnel practices (PPP's) to OSC. OSC, by law, has specific obligations to him as a concerned federal employee. As petitioner continues to bring complaints to OSC and as OSC continues to investigate them and disposition them, OSC and its licensed attorneys continue to fail to fulfill its statutory obligations to the petitioner as well as find additional ways to violate the law.

## THIS COURT'S JURISDICTION OVER THIS COMPLAINT

1.    In Weber v. United States, 209 F.3d 756 (D.C. Cir. 2000), the Circuit concluded that the District Court has subject matter jurisdiction over each and every of OSC's statutory obligations to protect those who seek its

3

protection, up to and including "highly discretionary" recommendations when OSC can seek their enforcement, reasoning that "allowing district courts to issue writs of mandamus to the OSC would not affect the Federal Court's jurisdiction [which does not include review of OSC actions]" and that absent mandamus jurisdiction, "judicial review of OSC actions would not be available." *Id.* At 759.

**RELIEF SOUGHT**

2.    Plaintiff contends the U.S. Office of Special Counsel (OSC) fails to meet its statutory obligations in investigating allegations of prohibited personnel practices (PPP's) by not including all the statutory required information in its preliminary determination notices and/or PPP termination letters. Additionally, in the accompanying notice regarding the petitioner's right to seek corrective action for the PPP termination letter for OSC file no. MA-06-2118, OSC included additional information, prohibited by statute, that could prejudice petitioner's right to obtain redress from the Merit System Protection Board.  These failures are largely ministerial in nature.

3.    Specifically, in PPP complaints made by Plaintiff regarding his employment in the U.S. Department of Energy (DOE), OSC failed to fulfil its statutory obligations to plaintiff because it:

4

a.    Failed to include the statutory required determination, "whether there are (not) reasonable grounds to believe a prohibited personnel practice has occurred, exists, or is to be taken" in the preliminary determination notice and/or PPP termination letter for OSC file nos. MA-06-2118 and 2752.

b.    Failed to include the required "termination notice" in its PPP termination letters for MA-06-2118 and 2752 and/or otherwise allow the petitioner to obtain the intended information.

c.    Included additional prejudicial information, not authorized by statute at 5 USC 1214(a)(3)(A)(i), and prohibited by statute at 5 USC 1212(g)(1) and 5 USC 1214(b)(2)(E), in the notice of the petitioner's right to seek corrective from the MSPB, which accompanied its PPP termination notice for MA-06-2118.

**THE ISSUES PRESENTED**

4.    The Office of Special Counsel is an independent investigatory and prosecutorial agency. Its primary mission is to protect federal employees from prohibited personnel practices (PPP's), especially retaliation for whistleblowing. By performing this primary mission it indirectly upholds and defends the merit system principles, but that secondary to its primary

5

mission of protecting the individual federal employees who seek its protection, which includes a statutory imperative for it and its licensed attorneys to "act in the interest" of those who seek its protection (5 USC 1201 Appendix). The law at 5 USC 1214, including its appendix, places a number of specific demands on OSC regarding its obligations to protect those who seek its protection. This includes information that must be included in its preliminary determination notices and/or PPP termination letters. The law also describes information that must *not* be included in the notices which accompany its PPP termination letters, when the PPP is whistleblower reprisal, informing the complainant of his right to seek independent redress at the MSPB.

5.    The essence of this petition for writ of mandamus is that OSC failed, in several specific ways, to comply with its statutory obligations to protect the petitioner. These shortcomings are essentially ministerial in nature.

## OSC's Requirements as an Investigatory Agency

6.    "Shall" statements regarding OSC's responsibilities as an investigative agency to the individual making a PPP complaint are found at 5 USC 1212(a)(1) and (2); 1214(a)(1)(A), (B), (C), (D); (a)(2)(A); (b)(2)(A); (d); and (e). By these requirements, which are not exhaustive, OSC is required

6

to: 1) investigate PPP complaints to the extent necessary to determine whether there are reasonable grounds to believe they occurred, 2) keep the individual who made the PPP complaint informed of the status of the investigation and of any actions taken by OSC in conducting it, 3) make the statutory required determination within 240 days, 4) report its preliminary statutory required determination, if negative, to the complainant, providing specific information about the basis of its preliminary determination as well as providing additional information when terminating it, including the statutory required "termination statement," to allow the complainant to receive more information about OSC's PPP investigation and determination, 5) if its statutory required PPP determination is positive, report it to the involved agency per 1214(e) and require a response, and 6) refrain from providing the MSPB and involved agency any prejudicial information about its PPP investigation.

## THE FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED

### *The Facts Regarding OSC's Failure, to Report Its Statutory Required Determination in Petitioner's PPP Complaint OSC File nos. MA-06-2118 and 2752.*

7.      As Exhibits (1-4) demonstrate, OSC's statutory required preliminary

7

determination notices and/or PPP termination letters simply do not make the statutory required determination, using the statutory required language, "whether there are (not) reasonable grounds to believe a PPP has occurred, exists, or is to be taken."

8. Additionally, the PPP termination letters for MA-06-2118 and 2752 fail to include the required "termination statement" as found is 5 USC 1214 (appendix). OSC has failed to otherwise provide the petitioner opportunity to obtain the information described in the (missing) termination statement.

9. As exhibit 5 indicates, the notice which accompanied OSC termination notice for MA-06-2118 contained information prejudicial to petitioner, contrary to OSC's statutory obligation to withhold such information from a notice that must be provided to the MSPB, and, therefore, the agency, to initiate a 5 USC 1221 Individual Right of Action appeal. For comparison's sake, the notice with accompanied OSC termination letter for MA-06-2752 is also provided as exhibit 6, it does not contain any prejudicial or otherwise prohibited information.

10. OSC failures was essentially ministerial in nature - it failed to include the required information in its required written communications to petitioner in some cases and included prohibited information in another required written

8

communication.   Additionally, OSC fail to otherwise provide an

opportunity for the petitioner to obtain the information described in the

(missing) termination statements.

## THE REASONS WHY THE WRIT SHOULD ISSUE

11.    Criteria for writs of mandamus to issue include: 1) the plaintiff must have a

clear right to the relief, 2) the defendant must have a clear duty to act, and 3)

no other adequate remedy must be available (See Jones v. Alexander, 609

F.2d 778 (5th Cir. 1980), *cert. denied*, 449 U.S. 832 (1980).

*Plaintiff must have a clear right to the relief:*

12.    OSC's primary purpose for existing is to protect individuals as the petitioner

from PPP's, as described in the appendix of 5 USC 1201 and 5 USC

1212(a), while being specifically detailed in 5 USC 1214, including its

appendix.  OSC incontestably failed to comply with its statutory obligations

to petitioner, at a minimum in the ways detailed, perhaps in additional ways

the Court may determine.   Court precedent in Weber makes clear the

necessity of OSC complying, scrupulously, with each and every of its

statutory obligations, up to and including its "highly discretionary" one of

making recommendations, when it has the power to seek their enforcement,

to individuals as the petitioner.  Weber makes clear that mandamus is the

9

appropriate means to ensure this.

## *The defendant must have a clear duty to act:*

13.  As previously described, Court precedent in <u>Weber</u> makes clear that mandamus is the appropriate tool to ensure OSC scrupulously complies with each and every of its statutory obligations to petitioner, up and including its making "highly discretionary" recommendations when it has the power to seek their enforcement.

## *No other adequate remedy must be available*:

14.  As Court precedent in <u>Weber</u> makes clear, mandamus is the appropriate remedy to ensure OSC complies with each and every of its statutory obligations to those who seek its protection, up and to and including its making "highly discretionary" recommendations, when it has the power to seek their enforcement.  This is because <u>Weber</u> makes clear there is no other adequate remedy when OSC fails to do its duty to protect federal employees from PPP's.

15.  The relief requested of OSC is essentially ministerial in nature - that OSC provide the required information and not include prohibited information related to its written communications related to its disposition of petitioner's PPP complaints MA-06-2118 and 2752 as well as provide petitioner the

additional information he requests per the required (but now missing) "termination statement."

## CONCLUSION

16.  <u>Weber</u> could not be more clear.  The District Court is to order mandamus relief as necessary to ensure OSC complies with each and every of its statutory obligations to protect those who seek its protection, up to and including "highly discretionary" recommendations whenever OSC has the power to seek their enforcement.

17.  By ABA model rules of Judicial Conduct, the Judge has positive legal and professional obligations to "blow whistles" on evidence of attorney malfeasance.  Petitioner thinks there has been a "meltdown" of legal ethics in OSC, implicating possibly hundreds of licensed attorneys - both those employed at OSC since 1989 and those who "looked the other way" at evidence of their malfeasance while representing clients while or after they sought OSC's and OSC's attorneys' protection and requests the Judge "blow whistles" to the appropriate professional body.

Respectfully Submitted,

_____

Joseph P. Carson, P.E., Plaintiff

11

## LIST OF EXHIBITS, CARSON V. OSC
### October 19, 2006

1. Preliminary Determination Notice for MA-06-2118

2. PPP termination letter for MA-06-2118.

3. Preliminary Determination Notice for MA-06-2752

4. PPP termination letter for MA-06-2752.

5. Notice of petitioner's right to seek additional relief at MSPB, which accompanied PPP termination letter for MA-06-2118

6. Notice of petitioner's right to seek additional relief at MSPB, which accompanied PPP termination letter for MA-06-2752



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

Mr. Joseph Carson
10953 Twin Harbour Drive                    AUG 0 3 2006
Knoxville, TN 37934

Re: OSC File No. MA-06-2118

Dear Mr. Carson:

This letter responds to the complaint you recently filed with the U.S. Office of Special Counsel (OSC). In your complaint, you allege that officials with the Department of Energy retaliated against you in response to your whistleblower activity. The Complaints Examining Unit has carefully reviewed the information that you have provided. However, without further information concerning the facts and law outlined below, we have made a preliminary determination to close our inquiry into your allegations.

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule, or regulation. We have considered your allegations for possible violations of the Whistleblower Protection Act of 1989. The elements of proof necessary to establish a violation of this Act are: (1) a protected disclosure of information was made; (2) the accused official(s) had knowledge of the disclosure and the identity of the employee making the disclosure; and (3) the protected disclosure was a contributing factor in the personnel action or threat of a personnel action. Under the Act, it is a violation of federal law to take a personnel action against an employee because of any disclosure of information by an employee which the employee reasonably believes evidences: (1) a violation of law, rule or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety.

At the time of this letter, we are unable to determine specifically which protected disclosures you made, what personnel actions occurred against you, and your reasons for believing that your protected disclosures were contributing factors in the actions taken against you. In order for us to continue examining your allegations, we would need additional information on all of these grounds. To assist you, the requirements for each element are described below.

**Establishing a Protected Disclosure**

The five categories of protected disclosures are:

*A Violation of Law, Rule, or Regulation*: you must cite a specific law, rule, or regulation, the violation of which you disclosed.

06 1833

**FILED**

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex/ 1-1

**U.S. Office of Special Counsel**

Page 2

*Gross Mismanagement*: Gross mismanagement is more than de minimis wrongdoing or negligence. It does not include management decisions which are merely debatable, nor does it mean action or inaction which constitutes simple negligence or wrongdoing. There must be an element of blatancy, such as a management action or inaction which creates a significant adverse impact upon the agency's ability to accomplish its mission.

*Gross Waste of Funds*: Gross waste of funds is more than merely a debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government.

*Abuse of Authority*: Abuse of authority is the arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons.

*Substantial and Specific Danger to Public Health and Safety*: Although the statute addresses dangers to "public" health and safety, the Merit Systems Protection Board has adopted a liberal approach in evaluating reasonable belief in cases where the alleged danger is limited to a specific class of individuals, and not to the public at large.

### Establishing that a Personnel Action has Taken Place

Section 2302(b)(8) protects against *personnel actions* or the failure to take personnel actions in response to protected activity. These personnel actions include appointment, promotion, disciplinary action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance evaluations, decisions concerning pay, benefits, or awards, decisions concerning education or training, significant changes in duties, responsibilities, or working conditions, orders to undergo psychiatric evaluation, removal, reduction in force, or job abolishment. Please provide clearly which actions took place against you, and for which protected disclosures you believe they were taken.

### Subject Official Must Have Knowledge of Disclosure

To substantiate a section 2302(b)(8) allegation, one must be able to show that the official responsible for the personnel decision had some knowledge, actual or constructive, of the disclosure before it can be said that he or she acted because of the disclosure.

### Disclosures Must be a Contributing Factor in the Action Taken Against You

In order to establish a violation of the Whistleblower Protection Act, we must be able to establish by preponderant evidence that your disclosures were a "contributing factor" in the actions taken against you. Please state clearly your reasons for believing that your protected

/-2

**U.S. Office of Special Counsel**

Page 3

disclosures were a contributing factor in the actions taken against you.  Without such information, OSC has no basis to find that a section 2302(b)(8) violation has occurred.

As indicated above, we have made a preliminary determination to close our inquiry into this complaint.  You have, however, an opportunity to submit comments concerning our determination.  Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint.  You have *thirteen days from the date of this letter* to submit your written response.  If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing your file.  We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Christopher J. Armstrong
Attorney
Complaints Examining Unit

1-3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

August 29, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

Re: OSC File No. MA-06-2118

Dear Mr. Carson:

On August 3, 2006, the Office of Special Counsel (OSC) sent you a letter advising you of our intention to close OSC's inquiry into your most recent prohibited personnel practice (PPP) complaint (identified by the above-captioned file number). In your response letter, dated August 12, 2006 ("response letter"), you did not provide any information that would alter our original determination. After reviewing the information contained in your response letter, along with a careful review of your complaint, the Complaints Examining Unit is reaffirming the initial decision to close your file.

Your current complaint concerns prior reprisal for whistleblowing complaints that you had filed with OSC (closed by OSC between 1992 and 2005). You have offered no new factual allegations, however, either in the current complaint form, or in your response letter. In that letter, as well as in your additional letters and our telephone conversation, you state that OSC's determinations in response to your prior complaints should be revisited for several reasons, including:

1) our previous restrictive interpretations of "any other significant change in working conditions," which you state are incorrect in light of the Merit System Protection Board's (the Board) expansive precedent in *Roach v. Dep't of Army*, 82 MSPR 464 (1999); and

2) the Supreme Court's recent decision in *Burlington Northern and Sante Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006), in which you contend that: (a) the Court "established new law quite relevant" to your jurisdictional issue; (b) by the court's analysis, "'any other significant change in working conditions' cannot have a threshold higher than 'employer's action that could well dissuade a reasonable worker from making or supporting a charge of discrimination[;]'" (c) given the Court's holding, "it is now 'open and shut' that [you] experienced" personnel actions in your prior PPP complaints; and (d) based on this decision,

*06 1833*

**FILED**

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Office of Special Counsel
August 29, 2006
Page 2 of 3

> OSC should reverse its earlier jurisdictional determinations in your prior complaints; and

3) your contention that OSC has repeatedly failed to comply with its statutory duties to act in your interest.

In *Roach*, the Board held, in part, that "the garnishment of [an employee's] wages falls within the statutory definition of a personnel action," and that the Board "lacks jurisdiction over security clearance issues...." *82 M.S.P.B. at 470, 484.* After careful analysis, we fail to see how this decision relates to your prior cases. As such, it does not provide us with grounds to revisit our earlier decisions.

In *Burlington*, the Supreme Court held that the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 should not be read so restrictively as to forbid only actions and harms that are related to employment or occur in the workplace. Rather, the provision covers those employer actions which would have been materially adverse to a reasonable employee or application. You state that given this recent decision it is now clear that you experienced retaliation in your prior PPP complaints. We fail to see how the Supreme Court's decision in *Burlington* is relevant to your prior allegations of prohibited personnel practices.

In *Burlington*, the Court considered how to interpret an anti-retaliation provision contained in Title VII of the Civil Rights Act of 1964. Your previous allegations, however, were brought under an entirely different statute: the Whistleblower Protection Act, codified at 5 U.S.C. §§ 2302(b)(8) and (9). Even assuming that the Supreme Court's decision bears any relevance to provisions of the Whistleblower Protection Act or decisions which have interpreted it, it would have no affect on the disposition of your allegations in the prior, closed complaints.

Finally, you claim that it is the duty of an attorney with OSC to act not in the interest of the government or the merit system principles, but to act in effect as your advocate against your agency and the subject official. We are fully cognizant of our role as OSC attorneys. We do not, with respect to complaints of prohibited personnel practices, have an attorney-client privilege with you or any other complainants. OSC's mission with respect to prohibited personnel practices is to protect current and former federal employees, and applicants for federal employment, especially whistleblowers, from prohibited employment practices or other illegal employment practices. OSC carries out this mission by investigating complaints of prohibited personnel practices, especially reprisal for whistleblowing, and pursuing remedies for violations when an investigation indicates that a violation has occurred. We have been unable to determine that any violation has occurred in connection with your current complaint, because you have made no new factual allegations beyond those investigated by OSC pursuant to your prior, closed complaints.

Ex/2-2

**U.S. Office of Special Counsel**
August 29, 2006
Page 3 of 3

For the reasons stated above, we are reaffirming our original determination and closing our inquiry into your case.

Sincerely,

Christopher J. Armstrong
Attorney
Complaints Examining Unit

2-3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505
(202) 254-3600

SEP 2 2 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

### Re: OSC File No. MA-06-2752

Dear Mr. Carson:

This letter is in response to the complaint you recently filed with the Office of Special Counsel. The Complaints Examining Unit has carefully reviewed the information you provided. However, based on our evaluation of the facts and law applicable to your circumstances, we have made a preliminary determination to close our inquiry into your allegations.

Your complaint alleged that the agency is retaliating against you for engaging in protected activity. Specifically, you asserted that the agency's failure to fully comply with the terms of a settlement agreement was in reprisal for making protected disclosures. Based on the information included in your complaint, however, it appears that you previously filed a complaint with OSC over this same issue, Case No. MA-06-2118. Your current complaint does not contain any new information that would alter our determinations in previous complaints. We are therefore unable to take action on your complaint as a violation of 5 U.S.C. § 2302(b)(8) or any other prohibited personnel practice over which OSC exercises jurisdiction.

As previously stated, we have made a preliminary determination to close our inquiry into your complaint. You have, however, an opportunity to submit comments concerning our determination. Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint. You have *thirteen days from the date of this letter* to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing the file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit

**06 1833**
**FILED**

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 3-1



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

OCT 1 6 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

### Re: OSC File No. MA-06-2752

Dear Mr. Carson:

By letter dated September 22, 2006, we informed you of our preliminary determination not to take action on your complaint. As a basis for our preliminary determination, we informed you that, based on the information provided, it appeared that OSC addressed the issues raised in your complaint in previous, closed complaints. Accordingly, we informed you that we would not take further action on your complaint as a violation of 5 U.S.C. § 2302(b)(8). We were also unable to conclude that the agency committed any other prohibited personnel practice over which OSC exercises jurisdiction.

Our September 22, 2006, letter informed you that you had thirteen days to respond to the reasons identified for our preliminary determination. We have not received a response. Accordingly, we have closed our file in this matter.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit

06 1833
**FILED**
OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

August 29, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

<u>Re: OSC File No. MA-06-2118</u>

Dear Mr. Carson:

The purpose of this letter is to notify you that you may have a right to seek corrective action from the Merit Systems Protection Board (MSPB). Please note, however, that while your current complaint in the above-captioned file concerns prior reprisal for whistleblowing complaints that you filed with the Office of Special Counsel (OSC) (closed by OSC between 1992 and 2005), you offered no new factual allegations, either in the complaint form, or in your comments in response to our pre-determination letter (dated August 3, 2006).

In the current complaint, you stated that our determinations about your prior complaints were incorrect in light of *Roach v. Dep't of Army*, 82 MSPR 464 (1999) and *Burlington Northern and Sante Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006). That does not appear to invoke the right of federal employees "with respect to any personnel action taken... against such employee... as a result of a prohibited personnel practice described in section 2302(b)(8), [to] seek corrective action from the Merit Systems Protection Board." Rather, your complaint appears to constitute a request for reconsideration, not a new complaint of prohibited personnel practices.

Nevertheless, because you filed a complaint alleging (or re-alleging) that you were the victim of the prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) (commonly referred to as reprisal for whistleblowing), you may have the right to seek corrective action from the Merit Systems Protection Board (MSPB) under 5 U.S.C. §§ 1214(a)(3) and 1221 (individual right of action) for any personnel action taken or proposed to be taken against you because of a protected disclosure that was the subject of your complaint to this office. You may file a request for corrective action with the MSPB within 65 days after the date of this letter.

**06 1833**

**FILED**

OCT 2 3 2006

*Ex/ S-1*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Office of Special Counsel**
August 29, 2006
Page 2

     The MSPB regulations concerning rights to file an individual right of action with the Board can be found at 5 C.F.R., parts 1201-1206 and 1209. If you choose to file such an appeal you should submit this letter to the Board as part of your appeal.

               Sincerely,

               Christopher J. Armstrong
               Attorney
               Complaints Examining Unit

Ex. 5-2



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 254-3600

OCT **1 6** 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

<u>**Re: OSC File No. MA-06-2752**</u>

Dear Mr. Carson:

The purpose of this letter is to notify you that you may have a right to seek corrective action from the Merit Systems Protection Board (MSPB). As we informed you in our closure letter of this date, we have terminated our inquiry into your allegations. Because you alleged that you were the victim of the prohibited personnel practice described in 5 U.S.C. § 2302(b)(8), commonly called reprisal for whistleblowing, you may have the following rights.

You may seek corrective action from the MSPB under the provisions of 5 U.S.C. §§1214(a)(3) and 1221 (individual right of action) for any personnel action taken or proposed to be taken against you because of a protected disclosure that was the subject of your complaint to this office. You may file a request for corrective action with the MSPB within 65 days after the date of this letter.

The Merit Systems Protection Board regulations concerning rights to file an individual right of action with the Board can be found at 5 C.F.R., parts 1201-1206 and 1209. If you choose to file such an appeal you should submit this letter to the Board as part of your appeal.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit

Ex) 6-1

F 06-1833
PLF

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*Joseph P. Carson*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*10953 Twin Harbour Dr.*
*865.300.5831  Knoxville, TN. 37922*

## DEFENDANTS

*U.S. Office of Special Counsel*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TI

CASE NUMBER   1:06CV01833

JUDGE:  Paul L. Friedman

DECK TYPE:  Pro se General Civil

DATE STAMP: 10/**23**/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENS FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus / 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions <br> (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1361   WRIT OF MANDAMUS

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE 10.23 06   SIGNATURE OF ATTORNEY OF RECORD   NCD

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd