UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1833 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| SPECIAL COUNSEL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

RESPONDENT'S RESPONSE TO SHOW CAUSE ORDER AND
MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS

Respondent, United States Office of Special Counsel ("OSC"), by and through

undersigned counsel, hereby responds to the Court's Order to Show Cause dated November 8,

2006, and respectfully moves this Court to dismiss the Petition for Writ of Mandamus filed

herein for failure to state a claim pursuant to Fed. R. Civ . P. 12(b)(6).

A memorandum in support of this motion and a proposed Order granting the relief

requested is attached.

Dated:  January 8, 2007                    Respectfully submitted,

                                           /s/
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney

                                           /s/
                                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                                           Assistant United States Attorney

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1833 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| SPECIAL COUNSEL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION
TO DISMISS PETITION FOR WRIT OF MANDAMUS

Petitioner, Joseph Carson, filed his petition for writ of mandamus seeking to have

Respondent, the United States Office of Special Counsel ("OSC"), fulfill what Petitioner

perceives are OSC's statutory obligations.  The gravamen of Petitioner's grievance is that the

OSC failed to include certain language in OSC's letters, which Petitioner alleges is required by

statute.  Respondent submits that the petition should be dismissed, with prejudice, for the reasons

stated below.  This memorandum also constitutes Respondent's response to the Court's

November 8, 2006, Order to Show Cause why the Petition for Writ of Mandamus in this case

should not be granted.

## I.  The OSC and its Complaint Process

The OSC is an independent investigative and prosecutorial agency within the executive

branch of the United States government.  *See* 5 U.S.C. § 1211, *et seq.*  The OSC was created by

the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 111 (1978), to, in

relevant part:  (1) investigate complaints received from federal employees alleging prohibited

personnel practices ("PPPs"); (2) when warranted, seek corrective action from agencies and the

Merit Systems Protection Board ("MSPB"); (3) where appropriate, file complaints with the MSPB seeking disciplinary action against employees who have committed PPPs; and (4) receive and take specific actions on employees' disclosures of violations of law, gross mismanagement, or specific dangers to public health and safety. *See* 5 U.S.C. §§ 1212(a)(2), 1213(a)(1), 1214(a)(1)(A), and 1215(a)(1).

The statutory provision requiring OSC to investigate PPPs is 5 U.S.C. § 1214(a)(1)(A), and states:

> The Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken.

The initial investigation of a PPP complaint is conducted by OSC's Complaints Examining Unit ("CEU"). If CEU determines that additional investigation is required, the complaint is referred to OSC's Investigation and Prosecution Division ("IPD") for further investigation and legal analysis. If as a result of the investigation and legal analysis, OSC determines that there are reasonable grounds to believe that a PPP has occurred and that corrective action is required, the Special Counsel reports that determination, along with OSC's findings and recommendations, to the appropriate agency, the MSPB, and the Office of Personnel Management. In his report, the Special Counsel may recommend to the agency involved that corrective action be taken to remedy the violation. If the agency does not correct the violation, the OSC may petition the MSPB to order appropriate corrective action. *See* 5 U.S.C. §§ 1214(b)(2)(B) and (b)(2)(C).

However, if after the initial investigation by the CEU or additional investigation and legal

analysis by IPD, OSC determines that there are no reasonable grounds to believe that a PPP has

occurred, OSC sends a written status report, referred to as a "pre-determination letter," to the

complainant.[1]  The pre-determination letter also advises the complainant that he has 13 days in

which to provide additional information to the OSC in support of his complaint, and that the

complainant may telephone the OSC examiner or attorney who reviewed his complaint to discuss

his allegations.  *See* 5 U.S.C. § 1214(a)(1)(D).

If after receiving and considering any additional information, documentation, or

comments from the complainant, OSC determines that a change in its initial determination is not

warranted, a written statement, referred to as a "termination or closure letter," is sent to the

complainant.  *See* 5 U.S.C. § 1214(a)(2)(A).  The statute requires that the termination letter:

(1) notify the complainant of the termination of the investigation; (2) provide a summary of

relevant facts ascertained by the Special Counsel; (3) state the reasons for terminating the

investigation; and (4) respond to any comments made by the complainant in response to the pre-

determination letter.  *See* 5 U.S.C. § 1214(a)(2)(A).  Included with the termination letter is a

"right of action" letter notifying a complainant of his right to seek redress at the MSBP.

## ARGUMENT

### II.  Petitioner Misinterprets OSC's Statutory Obligations

Petition alleges that OSC failed to meet its statutory obligations by not including certain

statutorily mandated language in its pre-determination letters and termination letters. *See* Petition

---

[1] The statute provides that "the Special Counsel shall provide a written status report to the person who made the allegation of the proposed findings of fact and legal conclusions."  *See* 5 U.S.C. § 1214(a)(1)(D).

3

¶¶ 2 and 3, and Petitioner's Exhibits ("Pet. Exh.") 1, 3.  He also alleges that OSC added "prejudicial language" and failed to meet its statutory obligations with respect to one of his individual right of action letters.  Petition, ¶ 3(c).

Specifically, Petitioner argues that in the pre-determination letters and termination letters sent to him in OSC Cases MA-06-2118 and MA-06-2752, the OSC:  (1) should have included a statutorily mandated determination of "whether there are (not) reasonable grounds to believe a prohibited personnel practice has occurred, exists, or is to be taken;" (2) "failed to include the required 'termination notice' in Petitioner's termination letters;" and (3) "included prejudicial information" in a right of action letter which advised Petitioner that he had a right to seek corrective action from the MSBP in MA-06-2118.  Pet. ¶ 3.

However, Petitioner misinterprets the statutory language.  The statutory language Petitioner cites to support his arguments sets forth the authority and responsibilities of the Special Counsel.  It is not relevant to any requirements for the pre-determination, termination, or right of action letters issued by OSC.

A.  <u>Pre-determination Letters</u>

The general content and time requirements of the pre-determination letters are addressed in 5 U.S.C. § 1214(a)(1)(D), which provides that:

> No later than 10 days before the Special Counsel terminates any investigation of a prohibited personnel practice, the Special Counsel shall provide a written status report to the person who made the allegation of the proposed findings of fact and legal conclusions.  The person may submit written comments about the report to the Special Counsel.  The Special Counsel shall not be required to provide a subsequent written status report under this subparagraph after the submission of such written comments.

Nothing in this statute contains the requirements that Petitioner suggests for pre-determination

4

letters.  Moreover, it is obvious from Petitioner's own exhibits that OSC met its statutory

obligations with respect to his complaints and the issuance of the pre-determination letters in

regard to Petitioner's allegations.

The OSC provided Petitioner with the written status report required by 5 U.S.C.

§ 1214(a)(1)(D) in OSC Case No. MA-06-2118.  The report or pre-determination letter advised

Petitioner of OSC's initial investigation and preliminary determination to close its investigation.[2]

The pre-determination letter also advised Petitioner of the legal elements of proof necessary to

establish a violation of the Whistleblower Protection Act of 1989.  Finally, the pre-determination

letter advised Petitioner that OSC needed additional information in order to continue to

investigate his complaints.

The pre-determination letter for OSC Case No. MA-06-2752, dated September 22, 2006,

was shorter, because Petitioner's allegations were merely a rehash of the ones he had made in

OSC Case No. MA-06-2118.  This pre-determination letter similarly advised Petitioner that he

had failed to provide sufficient facts or information for OSC to conclude that the U.S.

Department of Energy had retaliated against petitioner for whistleblowing.  However, the letter

did provide Petitioner with another opportunity to provide additional information to OSC to

continue its investigation.  *See* Pet. Exh. 3.  Yet, Petitioner failed to even respond.  *See* Pet. Exh.

4.

---

[2] The pre-determination letter advised Petitioner that OSC was unable to find any
protected disclosures that he had made, any personnel actions that had been taken against him, or
any basis for Petitioner's belief that his protected disclosures were contributing factors in actions
that his employer, the U.S. Department of Energy, may have taken against him.

B.  Termination Letters

Petitioner also alleges that OSC failed to include what he alleges was a required

"termination notice" in his PPP termination letters for OSC Case Nos. MA-06-2118 and MA-06-

2752, or otherwise allow him to obtain the information.  Petition ¶ 3(b).  Termination letters are

governed by 5 U.S.C. § 1214(a)(2)(A), which provides:

> If the Special Counsel terminates any investigation under paragraph (1), the
> Special Counsel shall prepare and transmit to any person on whose allegation the
> investigation was initiated a written statement notifying the person of-
>
> (i)  the termination of the investigation;
> (ii)  a summary of relevant facts ascertained by the Special Counsel, including the
> facts that support, and the facts that do not support, the allegations of such person;
> (iii)  the reasons for terminating the investigation; and
> (iv)  a response to any comments submitted.

In addition, 5 U.S.C. § 1214(b) states:

> TERMINATION STATEMENT - - The Special Counsel shall include in any
> letter terminating an investigation under section 1214(a)(2) of title 5, United
> States Code, the name and telephone number of an employee of the Special
> Counsel who is available to respond to reasonable questions from the person
> regarding the investigation or review conducted by the Special Counsel, the
> relevant facts ascertained by the Special Counsel, and the law applicable to the
> person's allegation.

Again, a  review of Petitioner's exhibits demonstrates that OSC met its statutory

obligations, and that OSC's termination letters addressed the requirements of § 1214(a)(2)(A).

*See* Pet. Exhs. 2 and 4.  These termination letters advised Petitioner that OSC was terminating

the investigations and explained that Petitioner's information was insufficient to establish a

violation of 5 U.S.C. § 2302(b)(8).  OSC also noted that Petitioner had been given an opportunity

to respond to the pre-determination letter for MA-06-2752, but failed to provide any additional

information.  *See* Pet. Exh.4.  The termination letter in MA-06-2118 also included the telephone

number and name of the OSC attorney available to respond to reasonable questions from

Petitioner.[3]

C.  The Individual Right of Action Letters

Petitioner also alleges that OSC "included additional information, prohibited by statute,

that could prejudice petitioner's right to obtain redress from the Merit System Protection Board."

Petition, ¶ 3.[4]  However, there are no statutory provisions governing the content of right of action

letters.  The OSC is only required to notify a complainant of the "action taken."  *See* 5 U.S.C.

§ 1214(a)(2)(B).  OSC provides individual right of action letters as a courtesy to complainants to

facilitate their ability to demonstrate certain jurisdictional requirements to the MSPB set forth in

5 U.S.C. § 1214(a)(3).[5]  In any event, none of the OSC letters are admissible as evidence in

proceedings before either the MSPB or the courts without Petitioner's consent.  *See* 5 U.S.C.

§§1214(a)(2)(B) and 1214(b)(2)(E).[6]

---

[3] Respondent acknowledges that the closure letter for MA-06-2752 did not include the telephone number of the OSC employee.  However, the OSC's telephone number had appeared in the pre-determination letter for this case.  *See* Pet. Exh. 2.  In light of the fact that Petitioner has filed more than twenty complaints with the OSC since 1992, and Petitioner has telephoned OSC on numerous occasions, a petition for a writ of mandamus was hardly necessary to remedy this clerical error.

[4] Specifically, Petitioner asserts that OSC "[i]ncluded additional prejudicial information, not authorized by statute at 5 USC 1214(a)(3)(A)(i), and prohibited by statute at 5 USC 1212(g)(1) and 5 USC 1214(b)(2)(E), in the notice of the petitioner's right to seek corrective from [sic] the MSPB, which accompanied its PPP termination notice for MA-06-2118."  Petition, ¶ 3(c).

[5] These jurisdictional requirements include a showing that corrective action was sought first from the OSC and that petitioner has sought relief from the MSPB within sixty days of the receipt of his OSC termination letter.

[6] These statutory provisions prohibit the use of the Special Counsel's determination in any proceedings, administrative or judicial, for any purpose without the consent of the

7

### III.  **Petitioner Has Failed To Meet His Burden for a Writ of Mandamus**

Petitioner has failed to meet his burden for a writ of mandamus.

Mandamus is a drastic remedy to be invoked only in extraordinary situations.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (1988).  It is granted only when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974).  The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Mandamus is available only if: " (1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff.  *Northern States power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997). However, in this case, Petitioner has failed to show that he has any clear right to such extraordinary relief

The statutory provisions discussed herein and Petitioner's own exhibits clearly show that OSC has met its statutory obligations with respect to the pre-determination and termination letters issued to Petitioner.  There are no statutory requirements for right of action letters.

More importantly, Petitioner has acknowledged in his petition that the "issues of law are almost identical and the facts similarly incontestable" as those presented in *Carson v. U.S. Office of Special Counsel*, Civil Action No. 05-0537 (PLF).  In that case, the Magistrate Judge recommended that Respondent's Motion to Dismiss the Petition for Writ of Mandamus be granted, this Court agreed with the Magistrate Judge that OSC had fulfilled its statutory duty and

---

complainant.

denied the Petition for Writ of Mandamus, and Petitioner has now filed a notice of appeal.  Thus, although we may not agree with Petitioner's  assessment of the facts in this petition as "incontestable," based on this admission in his petition, Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him.  *See Heckler v. Ringer*, 466 U.S. 602 (1984) (mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief).

## <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Respondent respectfully submits that the Court should deny the Petition for Writ of Mandamus.

Respectfully submitted,


　/s/　　　　　　　　　　　　　　　　　　　
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


　/s/　　　　　　　　　　　　　　　　　　　
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


　/s/　　　　　　　　　　　　　　　　　　　
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250


9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|      v. | )   Civil Action No. 06-1833 (PLF) |
| | ) |
| UNITED STATES OFFICE OF | ) |
| SPECIAL COUNSEL, | ) |
| | ) |
|        Respondent. | ) |
| _____ | ) |

**ORDER**

UPON CONSIDERATION OF Respondent's Motion to Dismiss Writ of Mandamus and

Memorandum of Points and Authorities in Support Thereof, any Opposition thereto, and the

entire record herein, it is this _____ day of _____, 2007,

**ORDERED**, that the Court's November 8, 2006 Order to Show Cause is hereby

discharged; and it is

**FURTHER ORDERED** that Respondent's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Petition for Writ of Mandamus is dismissed with

prejudice.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January, 2007, I caused the foregoing

Response to Show Cause Order and Motion to Dismiss Petition for Writ of Mandamus,

Memorandum in Support, and proposed Order to be served by first class mail, postage prepaid,

on:

Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney