UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No: 06-1833 (PLF) |
| v. ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, ) | |
| ) | |
| Respondent ) | |
| ) | |

**NOTICE TO THE COURT OF MOTION TO SUPPLEMENT DISPOSITIVE MOTION FILED IN RELATED CASE NOW PENDING AT THE APPELLATE COURT**

Petitioner respectfully notifies the Court of his motion to supplement his dispositive motion to the appellate court in Carson v. Office of Special Counsel, docket no. 06-5364, which stems from docket no. 05-0537 before this Court. This motion is attached as exhibit 1.

The case at the appellate level has yet to be assigned to a merits panel. The appellee both failed to timely file a dispositive motion and failed to timely file a motion requesting an extension of time. Additionally, it did not oppose his timely dispositive motion to remand the case to this court to fully adjudicate 8 issues of law. The Court has yet to rule on his dispositive motion.

Respectfully Submitted,

RECEIVED
JAN 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Appellant ) | |
| ) | Docket No: 06-5364 |
| v. ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, ) | |
| ) | |
| Appellee ) | |
| ) | |

## MOTION TO SUPPLEMENT APPELLANT'S DISPOSITIVE MOTION

The Appellant respectfully motions to supplement his timely dispositive motion, based on the existence and status of a related case, involving the same parties and many of the same legal issues, now fully briefed in Federal District Court. <u>Carson v. Office of Special Counsel</u>, Docket no. 06-1833, is now fully briefed in Federal District Court for the District of Columbia.

In his timely filed "Statement of Issues to be Raised," the appellant raised 8 issues, none of which had been fully adjudicated by the trial court. Bottom line, the appellant can keep filing PPP complaints with OSC and, if OSC does not fully comply with its statutory duties to protect him, then keep filing petitions for writs of mandamus with District Court. Then, particularly if the District Court does not fully adjudicate whether OSC complied with each and every of its relevant statutory obligations to protect the appellant, and order mandamus relief as

1

necessary to correct defects, he can keep appealing its decisions to this court. But that process serves no one.

In its untimely, unauthorized, dispositive motion, the appellee tacitly makes a complementary point in arguing that only 2 of the 8 issues appellant raised were considered by the trial court (even though appellant contends that the trial court did not fully adjudicate them.)

The trial court judge has presided or is now presiding over 4 cases involving the parties in this appeal. Litigation at the trial court level commenced about 3 years ago (one is a pending FOIA case involving about appellant's FOIA request about OSC's compliance with its statutory duties to protect federal employees from PPPs, docket no. 06-1834; the other three involve OSC's compliance with its various statutory duties to protect the appellant from PPPs, involving a number of PPP complaints, docket nos. 04-315, 05-537, and 06-1833).

If the trial court had acted to ensure OSC complied with each and every of its relevant statutory duties to protect the appellant from PPPs, consistent with established Court precedent about liberally interpreting the claims of pro se petitioners to determine if the law and evidence provided any basis for relief in its decisions in 04-315 and 05-537, then the issues of law would have been fully adjudicated by the trial court, if not through the appellate level, by now.

2

Instead, the appellee, as evidenced in its motion for summary disposition appears to want piecemeal litigation to go on, possibly for many years more. Its objections to the trial court are the reason the other issues were not adjudicated at that level, footnote 3 of its brief is its now-tired refrain. The result is that in three years of litigation between the parties - all about issues of law, there are no contested facts - has concluded little for all the time and energy spent, including the Court's.

Of the 8 issues described by the appellant to this Court, 5 are also at issue in <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833, specifically nos. 1, 2, 3, 4, and 5, which are:

1. Was the statutory required OSC PPP determination "whether there are (not) reasonable grounds to believe a PPP has occurred, exists, or is to be taken" properly made and reported for every PPP complaint cited in the case record? If not, were OSC's statutory required PPP determinations unlawfully replaced with OSC's discretionary determinations about petitioning the MSPB for corrective action of those PPP's?

2. If OSC statutory required PPP determination was negative, was it properly reported to Mr. Carson in OSC PPP investigation termination letters in the case record?

3. If OSC's statutory required PPP determination was positive in any of the PPP complaints cited in the case record was it properly reported to Mr. Carson and to the agency per 5 USC 1214(e) and/or to MSPB, OPM, and the agency per 5 USC 1214(b)(2)(B)? Did OSC report any recommendations with its positive PPP determination?

4. Was the required PPP "termination statement" included in each PPP investigation termination letter in the case record, per 5 USC 1214 appendix?

5. If the termination statement was not included, was the information described in it provided to Mr. Carson upon his request?

The ability of Congress to conduct oversight of OSC is also impacted by the failure of the trial court to fully adjudicate relevant issues of law, consistent with established court precedent for pro se petitioners. Without it, Congress is less able to ascertain if the current law is adequate in scope and/or implementation.

<u>Carson v. OSC</u>, docket no. 06-1833 is now fully briefed. Hopefully, the court will fully adjudicate all relevant issues and do so in timely manner.

Appellant respectfully suggests this Court remand this case to the trial court with directions to fully adjudicate the 8 issues cited by him, direct the trial court to combine this remanded case with the fully briefed 06-1833, which involves 5 of

4

those same issues (with one additional one), and direct the trial court to issue an decision within a reasonable time.

Appellant respectfully submits everyone, including Congress, will be better served by having the involved issues of law fully adjudicated by the trial court, and reviewed, if desired by either party, by this Court.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831