# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR - 9 2007

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

| | |
|---|---|
| **JOSEPH P. CARSON,** | ) |
| | ) |
| | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| | ) |
| **v.** | ) **Docket No. 06-1833 (PLF)** |
| | ) |
| | ) |
| **OFFICE OF SPECIAL COUNSEL,** | ) |
| | ) |
| | ) |
| | ) |
| **Respondent,** | ) |
| | ) |
| | ) |

## MOTION TO REQUEST APPROPRIATE REFERRAL, BY RELEVANT RULES OF JUDICIAL COUNDUCT, OF PROFESSIONAL MISCONDUCT BY ONE OR MORE ATTORNEYS AT OFFICE OF SPECIAL COUNSEL

The declaration submitted with this motion provides background on

petitioner's 15 year-long ordeal as a concerned professional engineer (PE),

employed as a nuclear safety engineer at the Department of Energy (DOE).

Mr. Carson has been a licensed professional engineer (PE) since 1984. DOE

knew he was a PE in hiring him in 1989. As a PE, Mr. Carson has a positive legal

1

and professional duty to "blow whistles," when necessary, to protect workplace and public health and safety, regardless of possible employment retribution and career damage. He actually has a "doubly sworn duty" - as a PE and a PE federal employee - to do so.

Mr. Carson thinks the same argument applies to the Special Counsel at the Office of Special Counsel (OSC), who is required by law at 5 USC 1211 to be a licensed attorney; and to other attorneys at OSC who have formal responsibilities by their position descriptions to implement aspects of the specific law OSC is charged to implement - that they also "doubly sworn" - as lawyers and as federal lawyers - to ensure this happens and to "blow whistles" if it does not, regardless of possible professional retribution.

Mr. Carson's allegations of non-compliance by OSC with its statutory duties to protect federal employees from PPP"s, particularly whistleblower reprisal, include:

1.     OSC, contrary to the law's requirements at 5 USC 1214(a)(1)(A), (b)(2)(A), (b)(2)(B), and/or (e), does not determine and/or appropriately report for each PPP complaint it receives and investigates "whether there are reasonable grounds to believe a PPP has occurred, exists, or is to be taken." When OSC fails to properly report its positive PPP determinations, it can significantly prejudice a federal employee's ability to obtain relief, via a whistleblower

2

appeal at the MSPB and this Court. (See exhibits 1-4)

2.  OSC, contrary to the law's requirements at 5 USC 1212(c)(2) and 1214(b)(2)(E), at least on occasion, includes prejudicial information in its notification to the whistleblower of his additional remedy at MSPB, made per 1214(a)(3)(A)(i), when OSC terminates its whistleblower reprisal investigation.  By MSPB regulation, this OSC notification must be provided to it as part of the IRA appeal, prejudicing the MSPB adjudication, so the prejudice OSC can cause the employee's efforts to obtain relief at the Board or this Court is apparent. (See exhibits 5)

3.  OSC, contrary to the law's requirements in the appendix to 5 USC 1214 and section 12(b) of Pub. L. 103-424 for the "termination statement," can and does fail and/or refuse to: 1) include the notification required by the "termination statement" in its whistleblower reprisal investigation termination letter, and/or 2) fail or refuse to respond to the complaint's reasonable requests for information, made per the "termination statement." This can significantly prejudice an employee's ability to obtain relief at the Board in a subsequent IRA appeal. ( See exhibits 2 and 4).

These non-compliances occur in a statutory context in which OSC, together with the Merit Systems Protection Board, is charged with implementing the law's

3

mandate "that employee should not suffer adverse consequences as a result of prohibited personnel practices." (See section 2(b)(1) of the Federal Whistleblower Protection Act, P.L. 101-12) and in which OSC is required to "act in the interests of employees who seek its assistance" (See section 2(b)(2)(B) P.L. 101-12, also provided in the appendix of 5 USC 1201).

## Relief Sought

Petitioner does not know what, if any, "Rules of Judicial Conduct," apply to this Court, but he is aware that the ABA Model Rules of Judicial Conduct, 2004 Edition, Canon 3, section D(2) "Disciplinary Responsibilities," appears to address his concerns. Consistent with his understanding, the petitioner respectfully requests:

1.  If this Court determines, from the information provided during this appeal, there is a substantial likelihood that one or more lawyers at OSC, who have responsibilities to implement aspects of these agencies' respective statutory duties for the protection of federal employees from PPP's, have committed a violation of their rules of professional conduct, to take appropriate action by reporting it to the appropriate authority.

2.  If this Court determines, from the information provided during this appeal, that it has knowledge that a one or more lawyers at OSC, who have

4

responsibilities to implement aspects of these agencies' respective statutory duties for the protection of federal employees from PPP's, have committed a violation of their rules of professional conduct that raises a substantial question as to their honesty, trustworthiness, or fitness as a lawyer in other respects, to inform the appropriate authority.

Petitioner has attached, and exhibits of documents from the case record to assist the Court's consideration of this motion.

Respectfully Submitted,

Joseph Carson, P.E., pro se
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOSEPH P. CARSON,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Docket No. 06-1833 (PLF)** |
| | ) | |
| | ) | |
| **OFFICE OF SPECIAL COUNSEL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| | ) | |

## DECLARATION OF JOSEPH CARSON

1. I am Joseph Carson, PE, the pro se petitioner in this case. During my 15 year-long ordeal as a concerned professional engineer (PE), employed as a nuclear safety engineer at the Department of Energy (DOE), I have "prevailed" in no fewer than 8 separate whistleblower-related decisions at the Merit Systems Protection Board, including three published decisions <u>Carson v. Department of Energy</u>, 77 MSPR 453 (1998); 85 MSPR 171 (2000); and 88 MSPR 260

1

(2001).   Some of the same agency wrongdoing was described in <u>Carson v. Department of Energy</u>, 398 F.3d 1369 (Fed. Cir. 2005).

2. In contrast, even though I have also filed over 20 prohibited personnel practices (PPP) complaints with OSC since 1992, OSC has yet to determine and/or report, despite its statutory obligations to do so to protect me from PPP's (see 5 USC 1212(a)(1), 5 USC 1214(a)(1)(A), and 5 USC 1214(b)(2)(A)), "whether there are reasonable grounds to believe a PPP has occurred, exists, is to be taken" in closing its investigations of these PPP complaints.

3. I have been a licensed professional engineer (PE) since 1984.  DOE knew I was a PE in hiring him in 1989.  As a PE, I have a positive legal and professional duty to "blow whistles," when necessary, to protect workplace and public health and safety, regardless of possible employment retribution and career damage.  I actually has a "doubly sworn duty" - as a PE and a PE federal employee - to do so.

4. For the past three years, I have been involved with litigation with the US Office of Special Counsel, seeking to obtain writs of mandamus from Federal District Court, to force it to comply with its statutory obligations to protect me.  I have, in the past few months, also become involved with litigation with

2

the US Merit Systems Protection Board, in which I seek a petition for writ of mandamus to force it to comply with its statutory duty to do oversight of OSC's compliance with its statutory duties and to make its statutory required report "whether the public interest in a civil service free of PPP's is being adequately protected."

5.    I am now a party to seven currently pending cases, including this case, in three separate federal courts.

6.    Based on review of my records and my recollection, OSC has not, when terminating its investigation of any of PPP complaints, explicitly reported "whether there are (not) reasonable grounds to believe a PPP has occurred, exists, or is to be taken," which I believe it is required to do.  (See exhibits 1-4)

7.    About a year ago, I became aware of the "termination statement" found in the appendix of 5 USC 1214, which repeats section 12(b) of Pub. L. 103-424, which requires OSC to answer reasonable questions of the complainant, by phone, about the relevant facts ascertained by the OSC investigation and the applicable law.  I realized that such a statement had not been contained, as required, in any PPP investigation termination notice I received from OSC since 1994. (See exhibits 2 and 4)

3

8.     When I contacted OSC to request the information described in the termination statement for the PPP complaints I had filed in the past 4 years, no one would respond to my requests - my phone calls would not be returned or I would be told by the responsible OSC employee that they were unfamiliar with the "termination statement" and would not answer my questions.  In particular, this includes OSC file nos. MA-06-2118 and 06-2752, which are the basis for this appeal.  (See exhibits 2 and 4)

9.     OSC, contrary to the law's requirements at 5 USC 1212(c)(2) and 1214(b)(2)(E), for MA-06-2188, included prejudicial information in its notification to me of my additional remedy at MSPB, made per 1214(a)(3)(A)(i), when OSC it terminated its whistleblower reprisal investigation.  By MSPB regulation, I had to provide this OSC notification to MSPB as part of my IRA appeal, prejudicing the MSPB adjudication. (See exhibits 5)

10.    I have become quite knowledgeable of engineering ethics as one result of my ordeal as a concerned PE employed as a nuclear safety engineer in the Department of Energy.  I have also become somewhat knowledgeable of legal ethics.  I have been a member of the ABA Center for Professional Responsibility (CPR) and have submitted an article for its publication "The

4

Professional Lawyer" about my situation and its implications for the adequacy of the scope and implementation of legal ethics.

11. Through my review of information available at the CPR's website, I became aware of the ABA Model Code of Judicial Conduct and its requirements for Judges to make appropriate referrals to the appropriate authority when they become aware, through their professional duties, of apparent professional misconduct of any attorney.

12. Consistent with my knowledge and concerns about apparent OSC non-compliance with its statutory duties to protect federal employees from PPP's and its implications for significant professional misconduct by possibly large numbers of attorneys who are now or were employed at OSC, I am bringing this matter to this Court for its appropriate consideration and action.

13. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          April 6, 2007

Joseph Carson, PE                        Date

5

## Certificate of Service

I certify that the following documents for <u>Carson v. Office of Special Counsel,</u>
docket no. 06-1833:

1.  Motion to request referral of any attorney violations of rules of professional
    conduct to appropriate authority.
2.  Related affidavit
3.  exhibits from the case record

was sent, by commercial delivery, to:

<u>Representative for Department of Energy</u>:

Judith Kidwell
US Attorney Office
Room 4818
555 Fourth St, NW
Washington, DC 20530

<u>Other:</u>

US Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036


_____
Joseph P. Carson

April 6, 2007



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

AUG 0 3 2006

Re: OSC File No. MA-06-2118

Dear Mr. Carson:

This letter responds to the complaint you recently filed with the U.S. Office of Special Counsel (OSC). In your complaint, you allege that officials with the Department of Energy retaliated against you in response to your whistleblower activity. The Complaints Examining Unit has carefully reviewed the information that you have provided. However, without further information concerning the facts and law outlined below, we have made a preliminary determination to close our inquiry into your allegations.

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule, or regulation. We have considered your allegations for possible violations of the Whistleblower Protection Act of 1989. The elements of proof necessary to establish a violation of this Act are: (1) a protected disclosure of information was made; (2) the accused official(s) had knowledge of the disclosure and the identity of the employee making the disclosure; and (3) the protected disclosure was a contributing factor in the personnel action or threat of a personnel action. Under the Act, it is a violation of federal law to take a personnel action against an employee because of any disclosure of information by an employee which the employee reasonably believes evidences: (1) a violation of law, rule or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety.

At the time of this letter, we are unable to determine specifically which protected disclosures you made, what personnel actions occurred against you, and your reasons for believing that your protected disclosures were contributing factors in the actions taken against you. In order for us to continue examining your allegations, we would need additional information on all of these grounds. To assist you, the requirements for each element are described below.

**Establishing a Protected Disclosure**

The five categories of protected disclosures are:

*A Violation of Law, Rule, or Regulation*: you must cite a specific law, rule, or regulation, the violation of which you disclosed.

$Ex/ 1-1$

**U.S. Office of Special Counsel**

Page 2

*Gross Mismanagement*: Gross mismanagement is more than de minimis wrongdoing or negligence. It does not include management decisions which are merely debatable, nor does it mean action or inaction which constitutes simple negligence or wrongdoing. There must be an element of blatancy, such as a management action or inaction which creates a significant adverse impact upon the agency's ability to accomplish its mission.

*Gross Waste of Funds*: Gross waste of funds is more than merely a debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government.

*Abuse of Authority*: Abuse of authority is the arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons.

*Substantial and Specific Danger to Public Health and Safety*: Although the statute addresses dangers to "public" health and safety, the Merit Systems Protection Board has adopted a liberal approach in evaluating reasonable belief in cases where the alleged danger is limited to a specific class of individuals, and not to the public at large.

### Establishing that a Personnel Action has Taken Place

Section 2302(b)(8) protects against *personnel actions* or the failure to take personnel actions in response to protected activity. These personnel actions include appointment, promotion, disciplinary action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance evaluations, decisions concerning pay, benefits, or awards, decisions concerning education or training, significant changes in duties, responsibilities, or working conditions, orders to undergo psychiatric evaluation, removal, reduction in force, or job abolishment. Please provide clearly which actions took place against you, and for which protected disclosures you believe they were taken.

### Subject Official Must Have Knowledge of Disclosure

To substantiate a section 2302(b)(8) allegation, one must be able to show that the official responsible for the personnel decision had some knowledge, actual or constructive, of the disclosure before it can be said that he or she acted because of the disclosure.

### Disclosures Must be a Contributing Factor in the Action Taken Against You

In order to establish a violation of the Whistleblower Protection Act, we must be able to establish by preponderant evidence that your disclosures were a "contributing factor" in the actions taken against you. Please state clearly your reasons for believing that your protected

*Ex 1 1-2*

**U.S. Office of Special Counsel**

Page 3

disclosures were a contributing factor in the actions taken against you. Without such information, OSC has no basis to find that a section 2302(b)(8) violation has occurred.

As indicated above, we have made a preliminary determination to close our inquiry into this complaint. You have, however, an opportunity to submit comments concerning our determination. Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint. You have *thirteen days from the date of this letter* to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing your file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Christopher J. Armstrong
Attorney
Complaints Examining Unit

1-3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

August 29, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

<u>Re: OSC File No. MA-06-2118</u>

Dear Mr. Carson:

On August 3, 2006, the Office of Special Counsel (OSC) sent you a letter advising you of our intention to close OSC's inquiry into your most recent prohibited personnel practice (PPP) complaint (identified by the above-captioned file number). In your response letter, dated August 12, 2006 ("response letter"), you did not provide any information that would alter our original determination. After reviewing the information contained in your response letter, along with a careful review of your complaint, the Complaints Examining Unit is reaffirming the initial decision to close your file.

Your current complaint concerns prior reprisal for whistleblowing complaints that you had filed with OSC (closed by OSC between 1992 and 2005). You have offered no new factual allegations, however, either in the current complaint form, or in your response letter. In that letter, as well as in your additional letters and our telephone conversation, you state that OSC's determinations in response to your prior complaints should be revisited for several reasons, including:

1) our previous restrictive interpretations of "any other significant change in working conditions," which you state are incorrect in light of the Merit System Protection Board's (the Board) expansive precedent in *Roach v. Dep't of Army*, 82 MSPR 464 (1999); and

2) the Supreme Court's recent decision in *Burlington Northern and Sante Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006), in which you contend that: (a) the Court "established new law quite relevant" to your jurisdictional issue; (b) by the court's analysis, "'any other significant change in working conditions' cannot have a threshold higher than 'employer's action that could well dissuade a reasonable worker from making or supporting a charge of discrimination[;]'" (c) given the Court's holding, "it is now 'open and shut' that [you] experienced" personnel actions in your prior PPP complaints; and (d) based on this decision,

**U.S. Office of Special Counsel**
August 29, 2006
Page 2 of 3

> OSC should reverse its earlier jurisdictional determinations in your prior complaints; and

3)  your contention that OSC has repeatedly failed to comply with its statutory duties to act in your interest.

In *Roach*, the Board held, in part, that "the garnishment of [an employee's] wages falls within the statutory definition of a personnel action," and that the Board "lacks jurisdiction over security clearance issues...." *82 M.S.P.B. at 470, 484.* After careful analysis, we fail to see how this decision relates to your prior cases. As such, it does not provide us with grounds to revisit our earlier decisions.

In *Burlington*, the Supreme Court held that the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 should not be read so restrictively as to forbid only actions and harms that are related to employment or occur in the workplace. Rather, the provision covers those employer actions which would have been materially adverse to a reasonable employee or application. You state that given this recent decision it is now clear that you experienced retaliation in your prior PPP complaints. We fail to see how the Supreme Court's decision in *Burlington* is relevant to your prior allegations of prohibited personnel practices.

In *Burlington*, the Court considered how to interpret an anti-retaliation provision contained in Title VII of the Civil Rights Act of 1964. Your previous allegations, however, were brought under an entirely different statute: the Whistleblower Protection Act, codified at 5 U.S.C. §§ 2302(b)(8) and (9). Even assuming that the Supreme Court's decision bears any relevance to provisions of the Whistleblower Protection Act or decisions which have interpreted it, it would have no affect on the disposition of your allegations in the prior, closed complaints.

Finally, you claim that it is the duty of an attorney with OSC to act not in the interest of the government or the merit system principles, but to act in effect as your advocate against your agency and the subject official. We are fully cognizant of our role as OSC attorneys. We do not, with respect to complaints of prohibited personnel practices, have an attorney-client privilege with you or any other complainants. OSC's mission with respect to prohibited personnel practices is to protect current and former federal employees, and applicants for federal employment, especially whistleblowers, from prohibited employment practices or other illegal employment practices. OSC carries out this mission by investigating complaints of prohibited personnel practices, especially reprisal for whistleblowing, and pursuing remedies for violations when an investigation indicates that a violation has occurred. We have been unable to determine that any violation has occurred in connection with your current complaint, because you have made no new factual allegations beyond those investigated by OSC pursuant to your prior, closed complaints.

**U.S. Office of Special Counsel**
August 29, 2006
Page 3 of 3

     For the reasons stated above, we are reaffirming our original determination and closing our inquiry into your case.

                     Sincerely,

                     Christopher J. Armstrong
                     Attorney
                     Complaints Examining Unit



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505
(202) 254-3600

SEP 2 2 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN  37934

### Re: OSC File No. MA-06-2752

Dear Mr. Carson:

This letter is in response to the complaint you recently filed with the Office of Special Counsel. The Complaints Examining Unit has carefully reviewed the information you provided. However, based on our evaluation of the facts and law applicable to your circumstances, we have made a preliminary determination to close our inquiry into your allegations.

Your complaint alleged that the agency is retaliating against you for engaging in protected activity. Specifically, you asserted that the agency's failure to fully comply with the terms of a settlement agreement was in reprisal for making protected disclosures. Based on the information included in your complaint, however, it appears that you previously filed a complaint with OSC over this same issue, Case No. MA-06-2118. Your current complaint does not contain any new information that would alter our determinations in previous complaints. We are therefore unable to take action on your complaint as a violation of 5 U.S.C. § 2302(b)(8) or any other prohibited personnel practice over which OSC exercises jurisdiction.

As previously stated, we have made a preliminary determination to close our inquiry into your complaint. You have, however, an opportunity to submit comments concerning our determination. Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint. You have *thirteen days from the date of this letter* to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing the file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit

Ex/#3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

OCT 1 6 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

**Re: OSC File No. MA-06-2752**

Dear Mr. Carson:

By letter dated September 22, 2006, we informed you of our preliminary determination not to take action on your complaint. As a basis for our preliminary determination, we informed you that, based on the information provided, it appeared that OSC addressed the issues raised in your complaint in previous, closed complaints. Accordingly, we informed you that we would not take further action on your complaint as a violation of 5 U.S.C. § 2302(b)(8). We were also unable to conclude that the agency committed any other prohibited personnel practice over which OSC exercises jurisdiction.

Our September 22, 2006, letter informed you that you had thirteen days to respond to the reasons identified for our preliminary determination. We have not received a response. Accordingly, we have closed our file in this matter.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit

Ex 4-1

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

August 29, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

<u>Re: OSC File No. MA-06-2118</u>

Dear Mr. Carson:

The purpose of this letter is to notify you that you may have a right to seek corrective action from the Merit Systems Protection Board (MSPB). Please note, however, that while your current complaint in the above-captioned file concerns prior reprisal for whistleblowing complaints that you filed with the Office of Special Counsel (OSC) (closed by OSC between 1992 and 2005), you offered no new factual allegations, either in the complaint form, or in your comments in response to our pre-determination letter (dated August 3, 2006).

In the current complaint, you stated that our determinations about your prior complaints were incorrect in light of *Roach v. Dep't of Army*, 82 MSPR 464 (1999) and *Burlington Northern and Sante Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006). That does not appear to invoke the right of federal employees "with respect to any personnel action taken... against such employee... as a result of a prohibited personnel practice described in section 2302(b)(8), [to] seek corrective action from the Merit Systems Protection Board." Rather, your complaint appears to constitute a request for reconsideration, not a new complaint of prohibited personnel practices.

Nevertheless, because you filed a complaint alleging (or re-alleging) that you were the victim of the prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) (commonly referred to as reprisal for whistleblowing), you may have the right to seek corrective action from the Merit Systems Protection Board (MSPB) under 5 U.S.C. §§ 1214(a)(3) and 1221 (individual right of action) for any personnel action taken or proposed to be taken against you because of a protected disclosure that was the subject of your complaint to this office. You may file a request for corrective action with the MSPB within 65 days after the date of this letter.

**U.S. Office of Special Counsel**
August 29, 2006
Page 2

      The MSPB regulations concerning rights to file an individual right of action with the Board can be found at 5 C.F.R., parts 1201-1206 and 1209. If you choose to file such an appeal you should submit this letter to the Board as part of your appeal.

                    Sincerely,

                    Christopher J. Armstrong
                    Attorney
                    Complaints Examining Unit

5-2